**Mahmoud NAJI and Fadwa Naji, Plaintiffs,**

v.

**Alan NELSON, Commissioner, Immigration and Naturalization Service, and A.D. Moyer, District Director of the Chicago District Office of Immigration and Naturalization Service, Defendants.**

No. 85C9514.

United States District Court, N.D. Illinois, E.D.

Nov. 21, 1986.

Susan R. Gzesh, James R. Fennerty, Alexander, Fennerty & Fujimoto, Chicago, Ill., for plaintiffs.

Jack Penca, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiffs Mahmoud Naji and Fadwa Naji brought this action against the Commissioner and the District Director of the Immigration and Naturalization Service seeking judicial review of a decision of the INS which denied plaintiff Mahmoud Naji's application for adjustment of status to that of a lawful permanent resident.

Mahmoud Naji is a Palestinian national who immigrated to the Dominican Republic in 1965 and was later evacuated and paroled into the United States. He has remained continuously in the United States since 1965. In 1974, Naji was ordered excluded from the United States. He subsequently married Fadwa Naji, a United States citizen, and applied for adjustment of status to that of a permanent resident pursuant to § 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255.

The District Director provisionally approved the application on the basis that Naji was both statutorily eligible and deserving as a matter of discretion. The Regional Commissioner reversed that decision, relying on classified information contained in Naji's administrative file. The determination was based on a finding that Naji was excludable under § 212(a)(27) of the Act as a person who "the Attorney General knows or has reason to believe seek[s] to enter the United States solely, principally or incidentially to engage in activities which would be prejudicial to the public interest or endanger the welfare, safety or security of the United States." 8 U.S.C. § 1182(a)(27).

Plaintiffs challenge this decision on three grounds. First, Naji claims that the manner in which his application was denied violated due process because he was not afforded an opportunity to review or rebut the evidence on which the decision was based. Second, he claims that he was discriminated against on the basis of his national origin. Third, he claims that he was discriminated against because of his membership in three lawful organizations which support Palestinian national aspirations: the Holy Land Fund, the Association of Arab American University Graduates, and the Arab American Congress of Palestine.

Plaintiffs served on the government two discovery requests pursuant to Federal Rule of Civil Procedure 34(a). In the first request, plaintiffs sought two categories of documents: all documents relating to Naji, and all documents relating to the organizations of which he is a member. The latter documents were sought in order to determine whether the determination of excludability was based on Naji's organizational associations.

In their second discovery request, plaintiffs sought statistical and other information concerning the government's interpretation and application of § 212(a)(27) to applications for lawful permanent residence visas. Naji claims that these policy documents are relevant to his national origin discrimination claim insofar as they may show disparities in the application of the law to Palestinians and non-Palestinians.

In response to plaintiffs' requests under Rule 34(a), the government produced to plaintiffs all unclassified material from Naji's administrative file. It did not, however, search beyond Naji's own file for documents pertaining to the three organizations, nor did it provide the information requested with regard to its own policies respecting § 212(a)(27). The government did not provide plaintiffs with any of the documents on which the Commissioner relied, and none of the materials produced contained any information relevant to the denial of the application. Plaintiffs brought a motion to compel.

The government claims that under 8 C.F.R. § 103(b)(2), the information on which the Commissioner based his decision has been classified under Executive Order No. 11,652, 37 Fed.Reg. 5,209 (1972). The government has now moved for summary judgment and has submitted the classified material for this court's *in camera* inspection. It has left to this court the determination as to whether any of the documents should be made available to plaintiffs and has reserved on behalf of the F.B.I. the right to assert objections or privileges it deems appropriate.

Plaintiffs argue that summary judgment should be denied, and argue alternatively that this court should defer ruling on the motion for summary judgment until it has first ruled on plaintiffs' motion to compel. Plaintiffs argue that this court cannot determine whether the Commissioner's finding of statutory ineligibility was supported

by substantial evidence until Naji has had an opportunity to review and rebut the evidence contained in the record.

## Discussion

 Section 245 of the Immigration and Nationality Act provides, in pertinent part:

The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a)(2). A decision on an application for adjustment of status thus involves both a factual determination of statutory eligibility and a determination of whether the alien merits adjustment as a matter of discretion. Adjustment of status may thus be denied to an alien as a matter of discretion without ever reaching a determination of, and regardless of, the alien's statutory eligibility for adjustment. *See INS v. Rios-Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985); *Patel v. INS*, 738 F.2d 239 (7th Cir.1984). In such a case, the agency's decision is reviewable under an "abuse of discretion" standard. *Achacoso-Sanchez v. INS*, 779 F.2d 1260 (7th Cir.1985); *see also Bothyo v. Moyer*, 772 F.2d 353 (7th Cir.1985). This is because "the grant of discretionary relief under the immigration laws is a question on which there is 'no law to apply,' and where there is no law to apply judicial review is exceedingly constricted." *Achacoso-Sanchez, supra* at 1265.

 This case, however, involves a stricter standard of review. By its express terms, the decision of the Commissioner denying the application was not a determination that Naji was not entitled to permanent residence as a matter of discretion. Rather, it was a finding of statutory ineligibility under § 212(a)(27), which sets forth as one class of aliens ineligible to receive visas those who "the Attorney General ... has reason to believe seek to enter the United States ... incidentally to engage in activities which would be prejudicial to the public interest, or endanger the welfare, safety, or security of the United States." 8 U.S.C. § 1182(a)(27). Such a preliminary determination of statutory ineligibility, unlike a discretionary denial of adjustment, is based on questions of fact, and can be upheld only if it is supported by "substantial evidence" when reviewing the record as a whole. *Achacoso-Sanchez, supra* at 1265; *Carvajal-Munoz v. INS*, 743 F.2d 562 (7th Cir.1984).

In *Jay v. Boyd*, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242 (1956), the Supreme Court authorized the government's use of confidential information in a discretionary ruling on an application for suspension of deportation where disclosure of the information was found to be prejudicial to the public interest, safety or security. However, the Court in *Jay* noted that the applicant had received a full and fair hearing on the evidence of record with respect to his statutory eligibility. While the Court held that a full hearing with respect to the ultimate exercise of discretion was unnecessary, the requirement of a hearing on the basis of the full record as to the specified *statutory* prerequisites was assumed. *Id.* at 352–53, 76 S.Ct. at 923–24.

 While the government has submitted to this court *in camera* all classified documents on which the Commissioner relied in deciding that Naji was statutorily ineligible for adjustment of status, Naji has had no opportunity to review or rebut this evidence. Since the finding at issue here is a finding of statutory eligibility, the record has been insufficiently developed to permit the kind of inquiry needed to make an assessment as to whether the agency's determination of excludability under § 212(a)(27) was supported by substantial evidence. A ruling on the government's motion for summary judgment at this time,

before plaintiffs have been apprised of the factual basis for the Commissioner's decision, would be premature, since it cannot be determined whether there exist any genuine issues of material fact.

Though neither this court nor the Seventh Circuit has squarely been presented with this issue, the necessity for information of the type plaintiffs seek here for a meaningful review of agency actions under § 212(a)(27) was recently considered in *Abourezk v. Reagan*, 785 F.2d 1043 (D.C. Cir.1986). In *Abourezk*, the court vacated an order granting the government's motion for summary judgment in a case involving the denial of visitors visas to foreigners purportedly excludable under § 212(a)(27). The Court, reiterating "the firmly held main rule that a court may not dispose of the merits of the case on the basis of *ex parte, in camera* submissions," *id.* at 1061, cautioned the district court, in its subsequent proceedings, to insure that plaintiffs were accorded access to documents to the fullest extent possible, without jeopardizing legitimately raised national security interests. *Id.* at 1060. Similarly, in *Allende v. Shultz*, 605 F.Supp. 1220 (D.C.Mass.1985), another case involving the denial of a visitor's visa under § 212(a)(27), the court stated that summary judgment could not be granted on the basis of materials to which the party opposing summary judgment is denied access. *Id.* at 1226. In *Allende*, the court not only refused to consider the documents submitted by the government *in camera*, but declined even to examine them.

While it is not unusual for a court to engage in the inspection of *in camera* materials when a party seeks to *prevent* the use of materials in litigation, reliance on *ex parte* evidence to decide the merits of a dispute can be permitted in only the most extraordinary of circumstances. In this case, the government has asserted that the documents relied on by the Commissioner are classified under 8 C.F.R. § 103.2(b)(2), citing Executive Order No. 11,652, 37 Fed. Reg. 5,209 (1972). However, Executive Order No. 11,652 has been revoked and superseded by Executive Order No. 12,356, 47

Fed.Reg. 14,874 (1982), and 8 C.F.R. § 103.-2(b)(2) has been amended to reflect this change. The current version of the regulation requires that the necessity for classification be reviewed when a request for information is made and sets out procedures for doing so. Under the new regulation, even where information is properly classified,

> Whenever he believes he can do so consistently with safeguarding both the information and its source, the regional commissioner should direct that the applicant or petitioner be given notice of the general nature of the information and an opportunity to offer opposing evidence.

8 C.F.R. § 103.2(b)(2). In this case, Naji was given neither notice of the general nature of the information withheld nor an opportunity to offer opposing evidence, as the regulation requires. He was provided only with a blanket assertion that the documents supporting the Commissioner's decision were classified. The government has submitted no affidavits explaining the basis for its determination. It has produced neither a summary of the information contained in the classified materials nor an explanation for its inability to do so. The government has never applied to this court for a protective order pursuant to Federal Rule 26(c). Nor does it appear to have reviewed the documents withheld for possible declassification in light of the amended regulation.

In *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953), the Supreme Court held that once a party seeking documents claimed to be classified on the basis of the "state secrets" privilege has shown probable cause for their discovery, the burden shifts to the government to make a formal assertion of privilege. The claim of privilege is to be closely scrutinized, as "judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *Id.* at 9–10, 73 S.Ct. at 533. The party's need for the information must then be balanced against the claims made by the government. *ACLU v.*

*Brown,* 619 F.2d 1170 (7th Cir.1980). Because plaintiffs should not be faced with an adverse decision based on evidence they were never permitted to see or rebut, probable cause for discovery of the documents submitted *in camera* has been established. Therefore, the government is required to explicitly invoke the privilege claimed with respect to the *in camera* documents, and to make its objections to discovery with sufficient specificity to enable plaintiffs to respond. The government's duty to justify on the public record any attempt to shield relevant information as classified is particularly critical where, as here, it is offered as the sole basis for summary judgment against the excluded party. *See Abourezk, supra; Allende, supra.*

■ Plaintiffs also seek discovery regarding the government's previous application of § 212(a)(27) to applicants for permanent residence. Plaintiffs first point out that § 212(a)(27) has been applied to visa requests for permanent residence only nine times in the last twenty years, compared with many thousands of denials pursuant to other categories of § 212(a). In *Achacoso-Sanchez, supra,* the court held that an "inexplicable departure from established policy" could amount to an abuse of discretion. 779 F.2d at 1265. Plaintiffs' claim that in order to determine whether Naji's case represents a departure from established policy this court must have before it evidence as to what that established policy is.

Plaintiffs also seek this discovery in order to establish whether the government's decision was based on discrimination against Naji because of his Palestinian nationality or because of his exercise of First Amendment rights in associating with organizations which advocate Palestinian national interests. Plaintiffs again rely on *Achacoso-Sanchez,* where the court held that a decision which rests on "an impermissible basis such as invidious discrimination against a particular race or group" might also constitute an abuse of discretion. *Id.*

The additional discovery plaintiffs seek with regard to Naji's organizational affiliations and with regard to the government's policy in applying § 212(a)(27) in other cases might be appropriate if this case were one in which Naji was denied adjustment of status as a matter of discretion. However, as previously indicated, the government's decision was based on an express finding of statutory ineligibility and was not discretionary. Thus, the *Achacoso-Sanchez* standards for judicial review of discretionary decisions are inapplicable; the only inquiry this court must make is whether the Commissioner's determination of statutory ineligibility was based on substantial evidence. For this reason, only those documents which were a part of the administrative record on which the Commissioner's decision was based, *i.e.,* the *in camera* documents, are relevant. *See Navarro v. INS,* 574 F.2d 379 (7th Cir.1978). Plaintiffs are therefore not entitled to additional discovery regarding the government's application of § 212(a)(27) in other cases, nor are they entitled to documents (outside of those documents already in the administrative record) about the organizations of which Naji is a member.

IT IS THEREFORE ORDERED that:

(1) The government shall produce to plaintiffs, by December 12, 1986, a list of all documents submitted to this court *in camera* which are being withheld from plaintiffs describing generally the content of each document withheld and specific objections thereto. The government shall also disclose to plaintiffs all non-classified portions of the documents withheld.

(2) Plaintiffs' motion to compel the production of documents relating to the organizations of which Naji was a member outside of those contained in the administrative record is denied.

(3) Plaintiffs' motion to compel the production of documents relating to the government's interpretation and application of § 212(a)(27) in other cases is denied.

(4) Plaintiffs' motion for sanctions is denied.

(5) The government's motion for summary judgment is denied without prejudice to its renewal after plaintiffs have had an opportunity to review and rebut the evidence contained in the discovery ordered herein.

(6) A status hearing is set for December 15, 1986 at 9:15 a.m.