**Harry PACK, et al., Plaintiffs,**

v.

**Howard BEYER, et al., Defendants.**

**Civ. A. No. 91–3884(AET).**

United States District Court, D. New Jersey.

Nov. 3, 1993.

John V. Jacobi, Crummy Deldeo Dolan Griffinger & Vecchione, Newark, NJ, for plaintiff.

Michael U. Chavis, pro se.

Deborah Berk and Diane M. Moratti, Richard J. Hughes Justice Complex, Division of Law, Trenton, NJ, for defendants.

## MEMORANDUM AND ORDER

HUGHES, United States Magistrate Judge.

This matter comes before the Court on Plaintiffs' motion *in limine* to bar Defendants from offering evidence, not subject to disclosure by virtue of an assertion of privilege, at trial or summary judgment. Plaintiffs further move to exclude *ex parte* submissions of evidence. Defendants oppose the motion. For the following reasons, Plaintiffs' motion *in limine* to exclude evidence subject to a protective order and barring Defendants from offering *ex parte* evidence is granted in part and denied in part.

### BACKGROUND

In this civil rights action, Plaintiffs[1], a group of African American inmates in the New Jersey State Prison assert that they have been placed in the Management Control Unit (hereinafter referred to as the "MCU") because of their race. Plaintiffs contend that their placement in the MCU is in violation of their constitutional rights of equal protection and due process.

Since the filing of this action, Plaintiffs have served upon Defendants interrogatories and requests for documents. Plaintiffs seek generally four types of information: (1) statistical information to permit comparison of MCU placement for African American and White inmates; (2) the basis for Defendants' assertions that Plaintiffs and the organization

---

1. The Court has recently ordered that *Lumumba v. Holvey*, Civil Action No. 91–3884(AET), be consolidated with *Brown v. Fauver*, Civil Action No. 92–3123(AET), *Tulam v. Fauver*, Civil Action No. 91–5672(AET), *Shabazz v. Fauver*, Civil Action No. 92–3499, *Pack v. Beyer*, Civil Action No. 91–3709(AET), *White v. Fauver*, Civil Action No. 92–1275(AET) and *Shabazz v. Hilton*, Civil Action No. 92–3500(AET). Therefore, "Plaintiffs" refers to all the Plaintiffs in these matters. The case is now referred to as *Pack v. Beyer*.

known as the Afrikan National Ujamma (hereinafter referred to as the ANU) constitute a threat to institutional security, and the basis for Defendants' assertions that Plaintiffs are acting with or for the ANU; (3) information permitting a comparison of the treatment of similarly situated African American and White inmates for purposes of placement in the MCU; and (4) information related to the allegedly racially charged atmosphere at the prison. (See Pl's Br. at 3). Defendants refused to supply much of the information claiming that the material was privileged.[2] Defendants moved for a protective order precluding disclosure of some of the information and documents requested. On September 22, 1992, this Court filed an order setting out the procedure for the hearing on Plaintiffs' motion to compel discovery and Defendants' cross motion for a protective order. The procedure set out in the September 22, 1992 Order, allowed Plaintiffs' counsel oral argument and limited cross examination of defense witnesses. Plaintiffs' counsel was then excluded from the hearing, the courtroom was sealed and Defendants proceeded to present *ex parte* explanations as to their assertion of privilege regarding the information requested by Plaintiffs while the Court reviewed the documents *in camera.* This Court filed a Memorandum and Order on November 25, 1992 granting in part and denying in part Plaintiffs' motion to compel discovery. That Memorandum and Order was modified on January 26, 1993, after reargument.

Plaintiffs appealed the November 25, 1992, Memorandum and Order. The Honorable Anne E. Thompson vacated the Order and remanded it back for further consideration in accordance with her opinion. Defendants filed a motion for clarification of the Memorandum and Order of August 4, 1993. By the Court's Order dated October 18, 1993, the Memorandum and Order of August 4, 1993 was clarified to permit Plaintiffs' counsel, Mr. Jacobi, to review the audio tapes of the hearings before this Court, and to discuss the contents of the audio tapes with Mr.

Lawrence S. Lustberg, Esq. and Mr. John J. Gibbons, Esq. only. Furthermore, pursuant to Judge Thompson's Order, Mr. Jacobi was not permitted to review the documents previously determined to be privileged by this Court. However, after review of the audio tapes, Plaintiffs may make appropriate motions with respect to cross-examination of witnesses, presentation of witnesses or examination of documents.

Independent of the discovery issue, the parties agree that the litigation will be advanced by an *in limine* determination as to whether Defendants may use evidence, thus far protected by an assertion of privilege, at the summary judgement and trial stage.

### DISCUSSION

Plaintiffs contend that Defendants should be precluded from utilizing any evidence, at trial or at summary judgment, which has not been disclosed to Plaintiffs due to an assertion of privilege. Plaintiffs also contend that the Defendants may not evade the requirement of disclosure by the offer of *ex parte* evidence. The Court will examine each of these contentions separately.

### 1. The Exclusion of Privileged Information Not Disclosed to the Other Party.

█ Plaintiffs claim that Defendants "seek a protective order at their peril; they may not bar Plaintiffs from discovery of information, and then attempt to use that information on the merits." (See Pls' Brief at 4). Plaintiffs assert that if Defendants were allowed to use this privileged information without disclosing it to Plaintiffs, the purpose underlying the adversarial process, the search for truth, would be stymied.

Plaintiffs claim that the Defendants cannot avoid discovery by asserting a privilege, and then waive that privilege so as to later present the once privileged information to the Court. *See, Kinoy v. Mitchell,* 67 F.R.D. 1, 15 (S.D.N.Y.1975). Plaintiffs contend that the Defendants should not be allowed to have it both ways. Plaintiffs argue that cases

---

**2.** There is a discrepancy between the parties as to what the privilege is called. Defendants have referred to the privilege as the "state secrets privilege", which is an absolute privilege, while Plaintiffs claim that it is the "official information privilege", which is a qualified privilege. However, both parties agree that the privilege as applied here is a qualified privilege.

involving the assertion of a Fifth Amendment privilege support their position. *See, Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir.1989) (defendant asserted privilege of self incrimination, and Court granted Plaintiff's *in limine* motion barring the Defendant from testifying at trial on any matter Defendant previously claimed to be privileged), *In re Edmond*, 934 F.2d 1304 (4th Cir.1991) (litigant in Bankruptcy matter asserted the Fifth Amendment, and then attempted to utilize privileged material on summary judgment; court ruled privilege was waived and ordered discovery), *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 549 (S.D.N.Y.1985), and *Duffy v. Currier*, 291 F.Supp. 810, 815 (D.Minn.1968).

Plaintiffs state that they will offer statistical and direct evidence of racial discrimination in MCU placements, which will satisfy their burden of presenting a prima facie case. Plaintiffs believe Defendants will wish to counter with evidence that Plaintiffs are dangerous and are members of the ANU, which is also dangerous. Plaintiffs argue that Defendants must be put to the choice; they must either respond to discovery, or be barred from future use of the "privileged" evidence. In the alternative, Plaintiffs assert that Defendants can fully disclose the privileged information, and therefore, be free to utilize it at trial or summary judgment.

Defendants oppose the motion. Defendants assert that they should not be precluded from using information, which at one point was deemed privileged, and then later released to Plaintiffs' counsel either through a waiver, a protective order, or, perhaps, disclosure in redacted form. Defendants contend that ultimate release of the documents permits both parties to use the information, as Plaintiffs will not be prejudiced as long as the documents are released. Defendants submit that to preclude them from using the information would be "fundamentally unfair." (See Def's Let. Br. at 3).

Plaintiffs claim in their reply letter, that if privileged material is released to them on the eve of trial, they will be denied the opportunity to examine the newly released material through depositions or other discovery tools. (See Pl's Reply Let. at 2). Plaintiffs contend that Defendants must make a decision regarding the privileged materials within the time frame set for discovery. Plaintiffs further claim that Defendants may not disrupt discovery by claiming a privilege and then later releasing the materials.

■ The law is clear that presentation of evidence without prior disclosure is not permitted as a basis for a disposition on the merits. Further, this Court notes that Defendants concede this point, although they contend that extraordinary circumstances exist in this matter. Accordingly, Defendants will either, waiving the privilege, respond to Plaintiffs' discovery requests within a reasonable time or be barred from using the privileged information at trial or summary judgment. However, if Defendants release any of the privileged information, within a reasonable time, so Plaintiffs' counsel will be able to examine the information through discovery, both parties will be able to use the newly released information in motion practice or at trial. Further, if Defendants release information late in the process, upon a showing of good cause (for example, the privilege justifying the non-disclosure no longer exists) they will not be precluded from also using that information.

## 2. The offer of *ex parte* evidence

■ Plaintiffs claim that when the merits of the case are at issue, as opposed to discovery matters, the use of *ex parte* evidence is not permitted. *See Association for the Reduction of Violence v. Hall*, 734 F.2d 63 (1st Cir.1984). Plaintiffs acknowledge that there is a limited exception to the rule against the *ex parte* submission of evidence, but state that this exception occurs when an inmate challenges prison discipline on procedural due process grounds. (Pl's Br. at 13 *citing Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985)).[3] Plaintiffs claim that the instant case does not involve a cursory review found in *Superin-*

---

**3.** In *Superintendent v. Hill, supra,* the Court's role is to determine whether or not there was "some evidence" to support the prison's disci-

plinary action. In *Hill*, the Court did not examine the entire record.

*tendent v. Hill,* as this matter concerns, according to Plaintiffs, an alleged racially and ethnically discriminatory plan by Defendants to place inmates in the MCU. Plaintiffs contend that inmates remain constitutionally protected under the Equal Protection Clause from racial discrimination even in prison. (Pl's Br. at 13 *citing Turner v. Safley,* 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987)). Further, Plaintiffs submit that the District Court found strict scrutiny to be the proper review by the Court. (Pls' Br. at 14 *citing* Memorandum and Order of March 25, 1992 denying Plaintiffs' motion for summary judgment and granting Defendants' motion to dismiss Plaintiffs' Eighth Amendment claims, at 4). Plaintiffs further argue that the level of strict scrutiny cannot be achieved when a contested matter is exempt from the adversarial process, and evidence is presented *ex parte.*

Defendants contend that they should be permitted to use the privileged documents due to the extraordinary circumstances surrounding this matter. Defendants assert that an exception should be made to allow *ex parte* evidence to be considered on summary judgment when there are extraordinary circumstances involved. *See, Naji v. Nelson,* 113 F.R.D. 548, 552 (N.D.Ill.1986); *Allende v. Shultz,* 605 F.Supp. 1220, 1226 (D.Mass. 1985). Defendants in their reply letter also cite *Fitzgerald v. Penthouse Intern., Ltd.,* 776 F.2d 1236 (4th Cir.1985) (Court found that case could not proceed without compromising sensitive military secrets, therefore, affirming the dismissal of the action); *Molerio v. F.B.I.,* 749 F.2d 815, 822–26 (D.C.Cir. 1984) (discussed *infra* ); *Heine v. Raus,* 399 F.2d 785, 791 (4th Cir.1968) (slander action where state secrets privilege was asserted to protect C.I.A. documents, Court vacated and remanded the granting of summary judgment based on privileged documents to determine whether statements were issued with approval by the Director of the C.I.A.); and *Clift v. U.S.,* 808 F.Supp. 101, 106 n. 12 (D.Conn.1991) (the Court held that the state secrets privilege applied to bar discovery regarding government's cryptographic encoding devices, as it was a matter of national security, and successful invocation of the privilege warranted dismissal of action).

This court notes that all these cases involve unique situations turning on considerations of national security.

Defendants submit that the release of this privileged information would "severely impact the secure running of the institution, would dry up future informants, would place present informants in danger, would place civilians, corrections officers and the prison administration in grave danger, and would have a chilling affect on any assistance the prison received from outside law enforcement." (Def's Br. at 5) In essence, Defendants argue that disclosure of such information would put lives in danger.

Defendants contend that the manner in which the discovery hearings were conducted is evidence of the highly explosive situation in this case, and supports the contention that this case involves extraordinary circumstances. The "evidence" Defendants are referring to is the request by Defendants to exclude the Court's law clerk and deputy clerk from the hearing, the sealed courtroom, the fact that the documents were brought to the courthouse under armed guard and removed from the courthouse each day after the hearings, and at all times these documents have remained locked in the Internal Affairs Unit at the prison. (See Def's Br. at 6–7). Essentially, Defendants argue that this matter involves extraordinary circumstances which require extraordinary protective measures, and therefore, an exception to the general rule is required.

Our adversarial legal system generally does not ordinarily tolerate *ex parte* determinations on the merits of a civil case. *Application of Eisenberg,* 654 F.2d 1107, 1112 (5th Cir.1981); *citing Kinoy v. Mitchell,* 67 F.R.D. 1, 15 (S.D.N.Y.1975). In *Kinoy, in camera* exhibits were submitted to the Court by the Government asserting that the documents were privileged, and in relation to the summary judgment motion. The Court in *Kinoy* found this to be unacceptable, and stated:

> Our system of justice does not encompass *ex parte* determinations on the merits of cases in civil litigation. Either the documents are privileged, and the litigation

must continue as best it can without them, or they should be disclosed, at least to the parties, in which the Court will rule after full argument on the merits.

*Id.* at 15.

Similarly, another Court found that "only in the most extraordinary circumstances does our precedent countenance court reliance upon *ex parte* evidence to decide the merits of a dispute." *Abourezk v. Reagan,* 785 F.2d 1043, 1061 (D.C. Circuit 1986).

However, in *Molerio v. F.B.I., supra* at p. 223, the District Court's dismissal of the case was based on an *in camera* affidavit. In *Molerio,* the Plaintiff alleged that the Federal Bureau of Investigation failed to hire him because he was Hispanic and because of his father's alleged participation in certain political groups. Plaintiff requested documents pertaining to his background investigation done by the F.B.I. The government asserted the state secrets privilege, and the Court found that the documents were not discoverable. The Court was satisfied that the information could not be disclosed without risk to national security. The Court stated that the case could not proceed without the confidential information. Further, the Court went on to state:

> ... we satisfied ourselves that the *in camera* affidavit set forth the genuine reason for denial of employment, and that the reason could not be disclosed without risking impairment of the national security. As a result of that necessary process, the Court knows that the reason Daniel Molerio was not hired had nothing to do with Dagoberto Molerio's (Plaintiff's father) assertion of First Amendment rights. Although there may be enough circumstantial evidence to permit a jury to come to that erroneous conclusion, it would be a mockery of justice for the court—knowing the erroneousness—to participate in that exercise.... Here ... we know that further activity in this case would involve an attempt, however well intentioned, to convince the jury of a falsehood.

*Id.* at 825. The Court of Appeals affirmed the District Court's use of *ex parte* material in dismissing the complaint.

On the other hand, the Court of Appeals for the First Circuit considered a matter very similar to the instant case in *Association for the Reduction of Violence v. Hall,* 734 F.2d 63 (1st Cir.1984) (referred to as *Hall* ). In *Hall,* prison inmates filed a civil suit alleging that their transfers were in retaliation of their alleged membership in the Association for the Reduction of Violence, in violation of their First Amendment rights. Plaintiffs filed a request for production of documents. Defendants asserted that the documents were privileged, and after an *in camera* inspection by the District Court, the Court ruled that certain documents would not be turned over to Plaintiffs. The District Court went further in granting the Defendants partial summary judgment, after considering the privileged documents. The Court of Appeals held that remand was necessary, and if Defendants desired to renew their summary judgment motion, the Court would have to make a determination without relying on any privileged materials.

■ Similarly, parties which assert the Fifth Amendment privilege are precluded from later waiving the privilege and utilizing the evidence. Parties must either choose to assert a privilege and be barred from using the information at summary judgment or at trial, or they must disclose the information, and thus, be able to use the evidence at a later disposition of the merits. *See Gutierrez–Rodriguez v. Cartagena, supra; In re Edmond, supra; S.E.C. v. Cymaticolor Corp., supra;* and *Duffy v. Currier, supra.*

Defendants concede in their brief that the general rule of law is that they must produce, through discovery, information that they will later rely upon during a dispositive motion practice or at trial. However, Defendants argue that there are extraordinary circumstances in this matter which should allow the use of *ex parte* evidence. In support of this contention, Defendants cited *Naji v. Nelson, supra, Allende v. Shultz, supra* and *Molerio v. F.B.I., supra.* However, this Court notes that those cases involved the states secrets privilege, not a qualified privilege, and were matters relating to national security. Applying *Molerio* and related cases here would require extending a "national security" ex-

ception to a "prison security" situation. Defendants do not cite any cases where an extraordinary circumstances exception was applied in litigation involving a prison setting, with confidential prison documents. Beyond that, Defendants have, thus far, failed to demonstrate extraordinary circumstances which would warrant such an exception. Defendants are simply attempting to bootstrap the protective order governing the discovery hearing into the existence of extraordinary circumstances.

Defendants want a blanket approval of *ex parte* litigation in a potential class action suit alleging constitutional violations. This Court is unable to do that when such significant liberty interests are at stake. At the same time, the Court is unable, in cases like this where there may be serious security concerns in a volatile prison community, to grant an unconditional ban on *ex parte* submissions.

This opinion should not be construed to say that there will never be a particular situation, involving a prison setting, where the extraordinary circumstances found in *Molerio* would apply, thereby allowing *ex parte* submissions to protect against a miscarriage or "mockery" of justice. *See, Molerio* at 825. However, at this stage of pretrial litigation, such a determination is not appropriate.

In sum, Plaintiffs' motion *in limine* to preclude Defendants from using privileged information at summary judgment or at trial is granted. However, Defendants are not precluded from using any information released to Plaintiffs, within the discovery period, or released at a later time upon a showing of good cause. Furthermore, Defendants are presumptively precluded from submitting *ex parte* evidence in relation to a dispositive motion practice or at trial. To overcome this presumption, the Defendants must produce clear and convincing evidence that failure to permit *ex parte* submissions will necessarily result in a miscarriage of justice. Such a showing can only be made after discovery is completed and the issues are properly framed for a dispositive motion practice. If the issues are not susceptible to, or survive, summary judgment, such a showing should be made at the final pretrial conference stage when the final pretrial order, governing the methods and substance of proofs, will be prepared and filed. This showing may be self evident in the *ex parte* submission itself.

If Defendants fail to make the required showing, then the Court cannot consider the *ex parte* submission in adjudicating the merits of the case. If, on the other hand, the Court finds that there exists clear and convincing evidence that failure to consider the submissions will result in a miscarriage of justice, then the Court may rely upon the material in deciding the summary judgment motion, or in the extreme situation, may allow it to be considered *ex parte* by the fact finder. The submission would be made part of a sealed record to insure full appellate review. The Plaintiffs' constitutional rights, even in this unique situation of *ex parte* submissions on the merits of the case, will, in this Court's judgment, be sufficiently protected by independent and impartial federal judicial review.

### ORDER

Accordingly,

IT IS on this 1st day of November, 1993,

ORDERED that Plaintiffs' *in limine* motion to preclude Defendants from offering evidence subject to a protective order is granted; and it is,

FURTHER ORDERED that Defendants and Plaintiffs are permitted to use privileged evidence released to Plaintiffs within the discovery period, or upon a showing of good cause, at summary judgment and/or at trial; and it is

FURTHER ORDERED that Defendants are precluded from offering *ex parte* evidence in any subsequent motion practice, or at trial except upon a sufficient showing that failure to permit *ex parte* evidence will result in a miscarriage of justice.