Anita BERMUDEZ, Petitioner,

v.

Alberto R. GONZALES, United States
Attorney General, Respondent.

No. 06–2307–ag.

United States Court of Appeals,
Second Circuit.

April 17, 2007.

Anita Bermudez, pro se, Jackson Heights, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General (Michelle Gorden Latour, Assistant Director, Keith I. McManus, Attorney, Office of Immigration Litigation, of counsel), United States Department of Justice, Civil Division, Washington, D.C. for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Anita Bermudez, *pro se,* petitions for review of the May 10, 2006, BIA decision affirming the January 25, 2005, decision of IJ Sarah Burr denying Bermudez's application for cancellation of removal. *In re Anita Bermudez,* No. A79–129–775 (B.I.A. May 10, 2006), *aff'g* No. A79–129–775 (Immg. Ct. N.Y. City Jan. 25, 2005). We assume that the parties and counsel are familiar with the facts, the procedural history of this case, and the scope of the issues presented by this petition.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 bars courts from reviewing "any judgment regarding the granting of relief" under the cancellation of removal statute, 8 U.S.C. § 1229b. *See* 8 U.S.C. § 1252(a)(2)(B)(i). This bar, however, applies only to the agency's discretionary decisions. It "does not strip courts of jurisdiction to review nondiscretionary decisions regarding an alien's eligibility for the relief specified in 8 U.S.C.

§ 1252(a)(2)(B)(i)." *Sepulveda v. Gonzales,* 407 F.3d 59, 62–63 (2d Cir.2005). Further, jurisdiction remains over "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D).

Bermudez first seeks review of whether the facts of her case constitute "exceptional and extremely unusual hardship," as required by 8 U.S.C. § 1229b(b)(1)(D). In doing so, she seeks review of the discretionary determination made by the IJ. This Court is without jurisdiction to review them. *See* 8 U.S.C. § 1252(a)(2)(B); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). We dismiss these parts of Bermudez's petition.

Bermudez also contends that she was denied a full and fair hearing because the IJ's comments regarding whether her marriage was bona fide showed bias against her and her spouse. These may be viewed as constitutional claims we have jurisdiction to review, *see Xiao Ji Chen,* 471 F.3d at 324, but they are without merit. First, the IJ made a finding regarding exceptional and extremely unusual hardship assuming that Bermudez's marriage was bona fide. Second, the IJ's comments, while inappropriate, did not rise to the level that made fair judgment impossible. *See Liteky v. United States,* 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Finally, in affirming the IJ's decision, the BIA explicitly disapproved and discounted the IJ's comments.

For the foregoing reasons, the petition for review is hereby DISMISSED IN PART AND DENIED IN PART.