Afzal v. Holder

BIA
Nelson, IJ
A074 854 077

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand thirteen.

PRESENT:
RALPH K. WINTER,
DENNIS JACOBS,
CHESTER J. STRAUB,
*Circuit Judges.*

_____

CHOUDHRY AFZAL, AKA AFZAL CHOUDHRY, AKA MUHAMMED A. BAJWA, AKA A. BAJWA,
*Petitioner,*

v.                                    12-4625

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Alexander J. Segal, Grinberg & Segal, P.L.L.C., New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction in part, and DENIED in part.

Petitioner Choudhry Afzal, a native and citizen of Pakistan, seeks review of an October 23, 2012 order of the BIA, affirming the January 10, 2011 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for cancellation of removal. *In re Choudhry Afzal*, No. A074 854 077 (B.I.A. Oct. 23, 2012), *aff'g* No. A074 854 077 (Immig. Ct. N.Y. City Jan. 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to review the agency's denial of an application for cancellation of removal if the denial is based on the alien's failure to establish "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). While we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Afzal's challenges in substance do no more than take issue with the

2

agency's discretionary hardship determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Afzal's argument--that the agency mischaracterized or failed to consider his hardship evidence--is unsupported by the record and does not raise a question of law. *See Mendez v. Holder*, 566 F.3d 316, 322-23 (2d Cir. 2009); *Barco-Sandoval*, 516 F.3d at 42 (rejecting petitioner's attempt to frame disagreement over the agency's exercise of discretion as a question of law).

Afzal argues that the agency committed legal error by failing to discuss explicitly the risk of kidnapping his children would face in Pakistan. However, we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise". *Xiao Ji Chen*, 471 F.3d at 337 n.17. In any event, the contention is too insubstantial to invoke our jurisdiction given his testimony that his children would remain with their mother in the U.S. if he is removed. *See Barco-Sandoval*, 516 F.3d at 40. Afzal asserts that the agency committed an error of law by finding that the mother of his children could work outside the home, in light of his testimony that she had problems with English. However, this assertion merely challenges "the correctness of the [agency's] factual findings," which we lack jurisdiction to review. *Xiao Ji Chen*, 471 F.3d at 329.

Afzal contends that the agency failed to consider his renewed application for adjustment of status. However, the BIA

3

reasonably determined that Afzal's counsel told the IJ that Afzal was proceeding with only his application for cancellation of removal. Afzal argues that counsel was expressing an intention to apply for cancellation of removal in addition to adjustment of status. However, the agency's inference "is tethered to the evidentiary record," so "we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Afzal cites the IJ's affirmative duty to advise aliens of their potential eligibility for forms of relief from removal. *See* 8 C.F.R §1240.11(a)(2). The IJ here did discuss Afzal's eligibility for adjustment of status and stated that Afzal would likely be ineligible for relief unless United States Citizenship and Immigration Services reconsidered its finding that his prior marriage was fraudulent.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction in part, and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4