15-1784-ag
*Krzysiak v. Lynch*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

ADAM ANDRZEJ KRZYSIAK, AKA ADAM KRZYSAK, AKA ADAM A. KRZYSIAK,

*Petitioner,*                                                15-1784-ag

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY
GENERAL,

*Respondent.*

---

**FOR PETITIONER:**               THOMAS E. MOSELEY, Law Offices of
Thomas E. Moseley, Newark, NJ.

**FOR RESPONDENT:**               SARAH K. PERGOLIZZI, Dana M.
Camilleri, Trial Attorneys, Office of
Immigration Litigation; Benjamin C.
Mizer, Principal Deputy Assistant
Attorney General, Civil Division; Ernesto
H. Molina, Jr., Acting Assistant Director,
Office of Immigration Litigation, United

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision**, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DISMISSED**.

Petitioner Adam Andrzej Krzysiak ("Krzysiak"), a native and citizen of Poland, seeks review of a May 4, 2015 decision of the BIA affirming the September 17, 2013 decision of an Immigration Judge ("IJ") denying adjustment of status as a matter of discretion and ordering Krzysiak removed. *In re Adam Andrzej Krzysiak,* No. A088 438 123 (B.I.A. May 4, 2015), *aff'g* No. A088 438 123 (Immig. Ct. N.Y. City Sept. 17, 2013). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We lack jurisdiction to review the agency's discretionary denial of adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B); *Guyadin v. Gonzales*, 449 F.3d 465, 468–69 (2d Cir. 2006). Nonetheless, we may review a petition that raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). Even with respect to questions of law, however, "we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008); *see Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 128 (2d Cir. 2016) (noting that federal-question jurisdiction is lacking over federal claims that are "so insubstantial, implausible, foreclosed by prior decisions of [the Second Circuit or Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy" (internal quotation marks omitted)).

Although some of Krzysiak's arguments raise questions of law, those questions are too frivolous to invoke our jurisdiction. Krzysiak first argues that, as a matter of law, the agency was prohibited from considering his criminal history in deciding whether to adjust his status as a matter of discretion. A "contention that the IJ weighed factors that the IJ was *prohibited* from considering" ordinarily presents a reviewable legal question that "is quite distinct from the unreviewable argument that the IJ balanced improperly those factors that the IJ could consider." *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (emphasis in original). It is well settled, however, that the agency may consider past criminal conduct, even if that conduct did not render the alien inadmissible or result in a conviction. *See, e.g.*, *Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006). Accordingly, Krzysiak's argument is so clearly foreclosed by Second Circuit precedent that we lack jurisdiction to review it.

Next, Krzysiak argues that the agency erred in relying on his unauthorized employment, because the adjustment statute, 8 U.S.C. § 1255(c)(2), does not preclude adjustment on that basis for aliens who, like Krzysiak, are married to U.S. citizens. This argument requires an almost willful misinterpretation of the relevant statute. Section 1255(c)(2) governs statutory eligibility for adjustment, not the factors the agency may consider as part of its discretionary determination. The

agency did not consider Krzysiak's unauthorized employment in determining that he was eligible for adjustment, and Krzysiak cites no authority to suggest that the agency may not consider unauthorized employment as a discretionary factor. *See In re Khan*, 17 I. & N. Dec. 508, 510 (B.I.A. 1980) (concluding that unauthorized employment is a negative factor to be weighed in exercising discretion, although it is by itself an insufficient reason to deny relief).

Third, Krzysiak argues that the IJ erred in relying on a police report in making its discretionary determination. We have clearly stated, however, that "police reports and complaints, even if containing hearsay and not a part of the formal record of conviction, are appropriately admitted for the purposes of considering an application for discretionary relief." *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007); *accord Padmore v. Holder*, 609 F.3d 62, 69 (2d Cir. 2010).

Finally, Krzysiak argues that the BIA should have remanded for the IJ to reconsider whether he had been rehabilitated. Specifically, Krzysiak contends that the IJ's determination that he had not been rehabilitated rested primarily on her erroneous finding that he had been arrested for a traffic violation as recently as 2012. We lack jurisdiction to consider this argument because it is, at bottom, a challenge to the IJ's discretionary determination that he did not show sufficient evidence of rehabilitation for that factor to weigh in his favor. *See Argueta*, 617 F.3d at 113; *Noble v. Keisler*, 505 F.3d 73, 78–79 (2d Cir. 2007); *Wallace*, 463 F.3d at 140–41.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Krzysiak on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DISMISSED**, and the pending motion for a stay of removal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3