20-3059-ag
*Cruz-Arellano v. Garland*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

---

GUILLERMO CRUZ-ARELLANO, aka
GUILLERMO CRUZ,

*Petitioner,*

v.                                                                  20-3059-ag

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

*Respondent.*

---

FOR PETITIONER:          Ann Elise McCaffrey, New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting Assistant
Attorney General; Michael C. Heyse,
Acting Senior Litigation Counsel; Remi
Da Rocha-Afodu, Trial Attorney, Office

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA") dated August 6, 2020**, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Guillermo Cruz-Arellano, a native and citizen of Mexico, seeks review of the BIA's August 6, 2020 decision summarily affirming a July 6, 2018 decision of Immigration Judge ("IJ") Jesse B. Christensen denying Cruz-Arellano's application for adjustment of status as a matter of discretion and ordering him removed. *In re Guillermo Cruz-Arellano*, No. A095 384 930 (B.I.A. Aug. 6, 2020), *aff'g* No. A095 384 930 (Immig. Ct. N.Y. City July 6, 2018).[1] We assume the parties' familiarity with the underlying facts and procedural history.

We have jurisdiction to review Cruz-Arellano's petition because where, as here, the BIA summarily affirms an IJ's decision, the IJ's decision constitutes the "final agency determination," *see* 8 C.F.R. § 1003.1(e)(4), and "the entirety of that decision — containing both issues that were and issues that were not raised to the BIA — is before us on review," *Lin Zhong v. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Cruz-Arellano raises several arguments in support of his petition before this Court: (1) that the Immigration Court and his attorney failed to inform him of available relief; (2) that IJ Christensen failed to consider hardship as a factor in Cruz-Arellano's adjustment application; (3) that IJ Christensen erroneously required remorse and rehabilitation for criminal behavior in order to grant discretionary relief; and (4) that IJ Page and IJ Christensen exhibited bias during the course of Cruz-Arellano's proceedings.

Our review of an IJ's discretionary denial of adjustment of status is limited to colorable constitutional claims and questions of law, which we review *de novo*. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). Here, of Cruz-Arellano's four arguments, only the first and the fourth raise legal questions appropriate for our review, though we conclude that neither provides adequate grounds for us to grant his petition.

Cruz-Arellano's first argument — that the Immigration Court and his attorney failed to notify him of available relief — is not persuasive. Although the failure of an IJ to inform an alien of relief to which he or she is apparently eligible may raise a constitutional question, *see* 8 C.F.R. § 1240.11(a)(2) ("The immigration judge shall inform the alien of his or her apparent eligibility to

---

[1] Two different IJs presided during Cruz-Arellano's various removal proceedings: IJ Alan L. Page and then IJ Christensen.

apply for any of the benefits enumerated in this chapter . . . ."); *Rajah v. Mukasey*, 544 F.3d 427, 446 (2d Cir. 2008) ("[R]egulatory violations occurring during a deportation hearing that affect fundamental rights derived from the Constitution or federal statutes require . . . termination [of the proceedings without prejudice to renewal], even without a showing of prejudice."); *cf. United States v. Copeland*, 376 F.3d 61, 71 (2d Cir. 2004) ("[A] failure to advise a potential deportee of a right to seek Section 212(c) relief can, if prejudicial, be fundamentally unfair within the meaning of Section 1326(d)(3)."), the record belies Cruz-Arellano's argument. On numerous occasions, the Immigration Court advised Cruz-Arellano that his failure to appear for future proceedings would result in him "los[ing] the right to apply for several forms of relief," including both voluntary departure and cancellation of removal. *See, e.g.*, App'x 54, 92, 109, 133, 145, 157. The Immigration Court sent numerous notices to Cruz-Arellano stating in substance the same thing. *See, e.g., id.* at 597, 599, 602, 612, 640, 642, 648, 682, 689. In fact, during a June 2, 2009 hearing, Cruz-Arellano's attorney stated that her client was seeking both adjustment of status and, "in the alternative, cancellation [of removal]." *Id.* at 67. And, during a September 22, 2010 hearing, IJ Page considered his eligibility for cancellation of removal but reasonably concluded that if Cruz-Arellano "can't meet the lesser burden that's basically needed for an adjustment [of status], . . . [he would] have a real difficult time being granted cancellation [of removal]." *Id.* at 152; *see also Afzal v. Holder*, 536 F. App'x 160, 161 (2d Cir. 2013) (summary order) (rejecting a petitioner's argument that the IJ should have advised him of his potential eligibility for adjustment of status when the IJ did in fact "discuss [the petitioner's] eligibility for adjustment of status and stated that [the petitioner] would likely be ineligible for relief . . . .").

Next, Cruz-Arellano's fourth argument — that IJ Page and IJ Christensen demonstrated bias against him — may too be viewed as constitutional claims over which we have jurisdiction. *See, e.g., Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008); *Bermudez v. Gonzales*, 228 F. App'x 62, 63 (2d Cir. 2007) (summary order). The argument is, however, similarly without merit. Among other things, Cruz-Arellano's points to instances where IJ Page referred to him as a "regular juggler" in reference to his numerous appearances in criminal court, App'x 106, and as a "Teflon man" in reference to his numerous arrests which did not lead to convictions, *id.* at 129. These comments, while perhaps inappropriate, do not rise to the level making fair judgment impossible. *See Ali*, 529 F.3d at 491-93 (concluding that the petitioner may have been deprived of "a fair and full opportunity to have his case considered" when, among other things, the IJ made "egregious" comments "voic[ing] stereotypes about homosexual orientation" (internal quotation marks omitted)); *see also Liteky v. United States*, 510 U.S. 540, 555-56 (1994) ("[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not "establish[] bias or partiality.").

Cruz-Arellano's second and third arguments do no more than take issue with IJ Christensen's exercise of discretion and thus fail to raise questions of law appropriate for our review. *See Barco-Sandoval*, 516 F.3d at 161 (rejecting petitioner's attempt to frame disagreement over the

3

agency's exercise of discretion as a question of law); *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 330 (2d Cir. 2006) ("[T]he petitioner cannot . . . secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion."). As to the second argument — that IJ Christensen failed to consider hardship — the "agency does not commit an 'error of law' every time an item of evidence is not explicitly considered." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (per curiam). While an agency may commit an error of law in cases where it "totally overlook[s]" some facts relevant to the hardship determination or "seriously mischaracterize[s]" others, *id.*, after reviewing the record, we conclude that this is not such a case.[2] Similarly, at bottom, Cruz-Arellano's third argument — that IJ Christensen erroneously required remorse and rehabilitation — takes issue with the IJ's weighing of equities in the exercise of his discretion, a decision which is not reviewable. *See, e.g.*, *Krzysiak v. Lynch*, 667 F. App'x 324, 326 (2d Cir. 2016) (summary order); *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (per curiam).

## CONCLUSION

We have reviewed all of Cruz-Arellano's remaining arguments and find them to be without merit. Accordingly, and for the foregoing reasons, the petition for review of the August 6, 2020 BIA decision is **DENIED**. All motions and applications pending before this Court are **DENIED** and any stay issued by this Court is hereby **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Moreover, even though IJ Christensen did not specifically enumerate "hardship" as one of Cruz-Arellano's "positive factors," he did list "hardship" as one of the "positive factors" that generally counsels towards a "favorable exercise of administrative discretion" in such cases. App'x 40.

4